IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JOVY KATHLEEN SEVIRINO, <br><br> Plaintiff, <br><br> vs. <br><br> JAMES D. JENSEN, ASPEN R. CERVANTES, <br><br> Defendants. | CIV. NO. 22-00514 RT-NONE <br><br> FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS |

**FINDINGS AND RECOMMENDATION TO DISMISS COMPLAINT AND DENY APPLICATION TO PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff Jovy Kathleen Sevirino's ("Plaintiff") *Application to Proceed in District Court Without Prepaying Fees or Costs* ("Application"), filed on December 14, 2022 (ECF No. 3), and Plaintiff's *Complaint for Violation of Civil Rights*, also filed on December 14, 2022 (ECF No. 1). The Court finds this matter suitable for disposition without a hearing pursuant to Rule 7.1(c) of the *Local Rules of Practice for the United States District Court for the District of Hawaii* ("Local Rules").

After careful review of the *Application*, *Complaint* and applicable law, the Court **FINDS** that the *Complaint* fails to state a claim and **RECOMMENDS** that the Complaint be **DISMISSED WITHOUT PREJUDICE** with leave to amend.

The Court further **RECOMMENDS** that the *Application* be **DENIED WITHOUT PREJUDICE**.

## DISCUSSION

Plaintiff is proceeding pro se and seeks to proceed in forma pauperis. The Court is required to construe the pleadings of pro se litigants liberally. *Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (citations omitted); *Bernhardt v. Los Angeles Cty.*, 339 F.3d 920, 925 (9th Cir. 2003). When a plaintiff seeks to proceed in forma pauperis, the Court must conduct a mandatory screening of the complaint pursuant to 28 U.S.C. § 1915(e). A court may deny the *Application* at the outset and dismiss the *Complaint* if it determines from the face of the *Complaint* that:

(A) The allegation of poverty is untrue; or

(B) The action or appeal--

 (i) is frivolous or malicious;
 (ii) fails to state a claim on which relief may be granted; or
 (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2). While screening the *Complaint*, the Court must accept as true the allegations in the Complaint. *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976) (citation omitted).

### A. The Complaint Fails to State a Claim on which Relief May be Granted

The Court finds that the *Complaint* fails to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). When determining whether a *Complaint* fails to state a claim,

the Court must apply Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 8's pleading standard the same way the Court applies the standard in the context of a Fed. R. Civ. P. 12(b)(6) motion to dismiss. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) ("Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."). Fed. R. Civ. P. 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must "give fair notice and state the elements of the claim plainly and succinctly." *Jones v. Cmty. Redev. Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (citation omitted). "The Federal Rules require that averments 'be simple, concise and direct.'" *McHenry v. Renne*, 84 F.3d 1172, 1177 (9th Cir. 1996).

Fed. R. Civ. P. 8 does not demand detailed factual allegations. Nevertheless, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is

plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

In this case, the *Complaint* alleges a violation of constitutional rights under a Bivens claim.  To state a Bivens claim, Plaintiff must show "that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Quintero Perez v. United States*, 8 F.4th 1095, 1105 (9th Cir. 2021) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)).  However, Plaintiff does not allege any facts in support.  The only statements Plaintiff provides is that the events giving rise to Plaintiff's claims occurred when "TROs on James Jensen and Aspen Cervantes[,]" and the date and approximate time the events giving rise to Plaintiff's claim is "Psychologist Dr. Michelle Juying [(illegible)] (2015-presnt)[.]" ECF No. 1 at PageID.5.  These statements are nonsensical and fall short of establishing any claim let alone the federal question jurisdiction needed for this Court to hear this case.  Based on the lack of information in the *Complaint*, the Court cannot find that the *Complaint* sufficiently states a Bivens claim that is plausible on its face.  Accordingly, the Court recommends that the *Complaint* be dismissed.

Despite the foregoing deficiencies, Plaintiff is proceeding pro se and the deficiencies could potentially be cured by amendment.  *See Tripati v. First Nat'l*

*Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("pro se plaintiffs proceeding in forma pauperis must also be given an opportunity to amend their complaint unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment") (citations omitted).  The Court thus recommends that the *Complaint* be dismissed without prejudice and that Plaintiff be permitted leave to file a First Amended Complaint.  However, due to the lack of information in the *Complaint*, the Court recommends that should leave to amend be granted, such leave should be Plaintiff's **final** opportunity to amend the *Complaint*.  Thus, if the First Amended Complaint is deficient again, dismissal should be without leave to amend.

If the *Complaint* is dismissed and Plaintiff elects to amend, Plaintiff shall title the amended pleading "First Amended Complaint" and must address the deficiencies noted in this Findings and Recommendation and/or in the district court's order, as directed by the district court.  Failure to cure the deficiencies identified in the district court's order or failure to timely file an amended pleading that conforms with the district court's order will result in dismissal of this action.  Plaintiff is reminded that if an amended complaint is filed, the original pleading may not be incorporated into the amended pleading and shall no longer serve any function in this case.  The Court reminds Plaintiff to state all claims clearly and

concisely, but with enough factual allegations to determine from the face of the Complaint that Plaintiff has stated a claim upon which relief can be granted.

### B. Application Should be Denied Without Prejudice

Based on the finding that the *Complaint* fails to state a claim on which relief may be granted, the Court may simply deny leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(e)(2); *Tripati*, 821 F.2d at 1370; *Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998). However, because the Court has recommended that Plaintiff be granted leave to amend the *Complaint*, the Court finds it necessary to address the deficiencies in Plaintiff's *Application*. Plaintiff is required to resubmit an application to proceed in forma pauperis should the district court elect to grant Plaintiff leave to amend the *Complaint* and Plaintiff chooses to file a First Amended Complaint.

A court may authorize the commencement or prosecution of any suit without prepayment of fees if the litigant submits an affidavit stating that the litigant is unable to pay the required fees. 28 U.S.C. § 1915(a)(1); *see Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont de Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)) (the affidavit "is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life"). The litigant "need not be absolutely destitute[,] . . . but must allege

6

poverty with some particularity, definiteness and certainty." *Escobedo*, 787 F.3d at 1234 (citations omitted) (internal quotations omitted).

Plaintiff's *Application* is incomplete. Although Plaintiff indicates the amount of Plaintiff's gross wages and take-home pay, Plaintiff fails to specify the pay period. Plaintiff must also respond to questions 5 and 7 in the *Application*. Further, Plaintiff's response to question 8 fails to include the amount(s) owed. Without this missing information, the Court is unable to determine whether Plaintiff should be permitted to proceed without prepaying fees of costs. If the district court permits an amendment and Plaintiff elects to amend, Plaintiff must submit another *Application* and is cautioned to fully answer all questions in the *Application*.

## CONCLUSION

Based on the foregoing, the Court **RECOMMENDS** that the district court **DISMISS** the *Complaint* without prejudice and **DENY** the *Application*. The Court **RECOMMENDS** that Plaintiff be **GRANTED** leave to amend. If the district court dismisses the *Complaint*, Plaintiff must timely file an amended complaint as directed by the district court. If the district court permits, Plaintiff must also either file another application or pay the required filing fee. Failure to meet the requirements set forth by the district court shall result in an automatic dismissal.

Due to the lack of full consent of the parties under 28 U.S.C. § 636(c), the Clerk of Court is directed to REASSIGN this case to a district judge.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, March 29, 2023.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 22-00514 RT-NONE; *Jovy Kathleen Sevirino vs. James D. Jensen*; Findings and Recommendation to Dismiss Complaint and Deny Application to Proceed in Forma Pauperis