IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOVY KATHLEEN SEVIRINO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. JENSEN,<br>ASPEN R. CERVANTES,<br><br>Defendants. | Case No. 22-cv-00514-DKW-RT<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

Pending before the Court is Plaintiff Jovy Kathleen Sevirino's renewed application to proceed without prepayment of fees or costs (IFP Application). Dkt. No. 32.[2]

Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

[2] On April 18, 2023, the Court adopted the Findings and Recommendation of the assigned U.S. Magistrate Judge to dismiss Sevirino's original Complaint with leave to amend and deny her initial application to proceed without prepayment of fees or costs. Dkt. No. 14.

Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless show that he is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

Here, it is not possible to fully assess whether Sevirino is entitled to proceed without prepaying fees or costs because she has again failed to answer all of the questions in the IFP Application. Specifically, Sevirino has not answered any of the questions in Section 3 of the IFP Application for "Other Income." *See* Dkt. No. 32 at 1. The Court is, therefore, not able to assess whether Sevirino receives any such "Other Income" and, thus, whether she has an ability to pay the filing fee in this case. The IFP Application is, therefore, DENIED.

In the U.S. Magistrate Judge's April 18, 2023 Order denying Sevirino's initial IFP application, Sevirino was instructed to file a new IFP application that "fully answer[s] all questions" in the application. Dkt. No. 14 at 7. Although Sevirino failed this basic instruction, because she is proceeding without counsel, the Court will allow her one final opportunity to file an application to proceed without prepaying fees or costs that fully and accurately answers **all** of the questions in the application, including by checking *either* "Yes" or "No" next to questions 3(a) through 3(f). Should Sevirino check the "Yes" box next to any of

those questions, she must also then describe the source and amount of money received and whether she expects to receive the same in the future, as the instructions require.

Sevirino may have until **July 3, 2023** to file a new application to proceed in district court without prepaying fees or costs that complies with the instructions in this Order.  **The Court cautions Sevirino that the failure to do so will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Plaintiff a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: June 21, 2023 at Honolulu, Hawai'i.



Derrick K. Watson
Chief United States District Judge

---

*Sevirino v. Jensen et al.*; Case No. 22-cv-00514-DKW-RT; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**