IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| JOVY KATHLEEN SEVIRINO,<br><br>Plaintiff,<br><br>v.<br><br>JAMES D. JENSEN and<br>ASPEN R. CERVANTES,<br><br>Defendants. | Case No. 22-cv-00514-DKW-RT<br><br>**ORDER DISMISSING CASE WITHOUT PREJUDICE FOR LACK OF SUBJECT MATTER JURISDICTION** |

On September 11, 2023, the Court ordered Plaintiff Jovy Sevirino to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Dkt. No. 49. Specifically, after review of the operative Complaint and the multiple additional filings of Sevirino, the Court explained that, although Sevirino purported to bring this action pursuant to federal law, no federal law appeared to be implicated by Sevirino's apparent attempts to appeal rulings in a State court proceeding and/or sue Defendants for alleged personal injuries she had suffered.

On September 18, 2023, Sevirino filed an initial response to the order to show cause, Dkt. No. 51-1, which she has since supplemented. Dkt. Nos. 53-1, 54. Although the Court liberally construes Sevirino's various responses, *see Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987), they collectively still

provide no basis for federal subject matter jurisdiction of this case.  Sevirino appears to principally allege that one or both of the named Defendants sexually abused and harassed her.  Dkt. No. 51-1 at 2.  While, if true, those allegations are obviously concerning, they do not provide a basis to keep this case in federal court.[1]  This is particularly so given that, as explained in the order to show cause, diversity jurisdiction does not exist here because Sevirino alleges that all parties are residents of Hawaiʻi.  Nor can the Court discern any federal law at issue here, given that Sevirino alleges that the underlying events took place during a personal relationship between her and Defendant Jensen.  *See* Dkt. No. 53-1 at 1 (stating that Sevirino and Jensen lived together for almost five years; Dkt. No. 54 at 4 (stating that Jensen abused Sevirino while they were "together").

As a result, the Court DISMISSES this action WITHOUT PREJUDICE for lack of subject matter jurisdiction.  *See Tijerino v. Stetson Desert Project, LLC*, 934 F.3d 968, 971 n.2 (9th Cir. 2019) ("in general, dismissal for lack of subject matter jurisdiction should be without prejudice.").  Defendant Jensen's motion to declare plaintiff a vexatious litigant and dismiss claim, Dkt. No. 45, is DENIED AS MOOT.

---

[1] Instead, as Sevirino appears to comprehend and taken steps toward, the matters she alleges concern, at least initially, local law enforcement.  *See* Dkt. No. 51-1 at 2 (stating that the Honolulu Police Department has opened an investigation into the alleged sexual assault of Sevirino).

Finally, in light of the circumstances of this case, the Clerk is instructed to REFUND the $402 filing fee Sevirino paid on July 3, 2023.  *See* Dkt. No. 37.

IT IS SO ORDERED.

Dated: September 27, 2023 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge